1  Konrad K. Gatien (Bar No. 221770)
   E-Mail: kgatien@stubbsalderton.com
2  Anthony M. Keats (Bar No. 123672)
   E-Mail: akeats@stubbsalderton.com
3  Stephen C. McArthur (Bar No. 277712)
   Email: smcarthur@stubbsalderton.com
4  STUBBS, ALDERTON & MARKILES LLP
   1453 3rd Street Promenade, Suite 310
5  Santa Monica, California 90401
   Telephone: (310) 746-9800
6  Facsimile: (310) 746-9820

7  Attorneys for Plaintiff
   STUDIO JMS
8



9          UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11              WESTERN DIVISION

12
   STUDIO JMS, a California corporation,    CASE NO. CV13-4538 SVW(Ex)
13
14              Plaintiff,                  **COMPLAINT FOR DECLARATORY
                                            RELIEF OF TRADEMARK AND
15          v.                              COPYRIGHT NON-
                                            INFRINGEMENT; CANCELLATION
16  RICHARD A. HAMILTON, an                 OF TRADEMARK REGISTRATION**
    individual,
17
18              Defendant.
19
20
21
22
23
24
25
26
27
28
                                                                    COMPLAINT

Plaintiff STUDIO JMS ("Studio JMS" or "Plaintiff") complaining of Defendant RICHARD A. HAMILTON (hereinafter "Hamilton" or "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action under 28 U.S.C. §§ 2201 and 2202 for declaratory relief and further relief based upon a declaratory judgment or decree, the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, and to order the cancellation of a registered trademark pursuant to 15 U.S.C. § 1064.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) and (b), 15 U.S.C. § 1121(a).

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3.     Plaintiff is an active California corporation with a principal place of business located at 16255 Ventura Blvd., Suite 625, Encino, California 91436.

4.     Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto Defendant is an individual residing in the county of Los Angeles, California.

## STATEMENT OF THE CASE

5.     This is an action for declaratory relief under the Copyright Act and the Lanham Act arising from Defendant's cease-and-desist letters of May 24 and June 14, 2013, contending that Plaintiff's use of the term "cowl" in connection with a cowled comic book hero constitutes copyright infringement and will result in consumer confusion, mistake or deception as to the source of origin of Plaintiff's RED COWL character appearing in its SIDEKICK comic book and Defendant's alleged rights in and to his THE COWL character and eponymous (though invalid) trademark registration for an alleged series of comic magazines.

COMPLAINT

There can be no doubt that in the fictional universe of comics, which is populated by hundreds of thousands of characters, that sometimes, as in real life, there will be names that share a common term.  The 80-year history of comic books bears this out.[1]  It is replete with examples of identical and nearly identical names used to identify a plenitude of heroes, villains, gods, aliens, men and all manner of creatures great and small.  There can also be no doubt that comic book fans are dedicated, sophisticated readers that are intimately familiar with the history of these characters and are able to easily distinguish between them.  They do so not only by name, but also by appearance, special abilities, and the imprints in which they appear.

For example, a fan of the BEETLE (Marvel Comics, 1951) would not be confused between this character and the BLUE BEETLE (Fox Feature Syndicate, 1939), BLUE BEETLE (Charlton Comics, 1955), BLUE BEETLE (DC Comics, 1986) or THE BLACK BEETLE (Dark Horse Comics, 2012).

A fan of SPIDER-MAN (Marvel Comics, 1962) would not mistake this character for THE SPIDER (Popular Publications, 1933), BLACK SPIDER (Detective Comics, 1976), or BLACK SPIDER (DC Comics, 1995).

And a fan of THE THING (Marvel Comics, 1983) would not be deceived into thinking this character is the same as MAN-THING (Marvel Comics, 1974), SWAMP THING (DC Comics, 1986), or THE THING FROM ANOTHER WORLD (Dark Horse Comics, 1991).

Such characters and titles have co-existed without confusion for decades.

Notwithstanding the well-established history of a lack of confusion in the field of original literary characters, which squarely falls within the ambit of the First Amendment, Defendant accosted Plaintiff on the eve of publication, threatening an injunction and damages if Plaintiff did not either change the name of its RED COWL character, or execute a license with, and pay royalties to, Defendant.

---

[1] The modern comic book format was introduced in 1933 with the publication of Famous Funnies.

COMPLAINT

In doing so, Defendant asserted rights to an apparently non-existent THE COWL comic book series featuring a virtually unknown character of the same name, who apparently appeared briefly in a limited edition self-published comic book series of a different title: MISERABLE DASTARDS.

Of course, Plaintiff's RED COWL character is entirely original to Plaintiff. Plaintiff was unaware of Defendant's character when Plaintiff created RED COWL, who has a different look and different abilities than Defendant's character. The only common element between them is a hood, or "cowl," which is a descriptive term, and which is insufficient as a matter of law to find copyright infringement or a likelihood of confusion. A finding of no similarity as a matter of law is especially compelling here given that "cowled" figures have been treated as a category of characters in fiction writing (e.g., Batman, Zorro and Daredevil all have been identified as "cowl" characters).

Notwithstanding the lack of merit in his position, Defendant has attempted to derail the launch of Plaintiff's SIDEKICK comic, threatening to make Plaintiff the "poster child" for an award of enhanced damages.

As a creator, Plaintiff respects the rights of fellow artists and takes such claims very seriously. In this case, however, Plaintiff did not copy Defendant's character and has made no attempt to trade off of the recognition, if any, associated with it. Under such circumstances, Plaintiff will not be forced into surrendering its First Amendment rights. To do so would set a poor precedent, and force Plaintiff, and other artists alike, to either pay the ransom demanded or to change their characters and creative ideas upon the mere threat of litigation, however remote and untenable the basis asserted.

Therefore, to preserve and protect Plaintiff's freedom of expression, Plaintiff respectfully requests that the Court issue a judgment finding that its RED COWL character does not amount to an actionable violation of Defendant's alleged rights in and to his THE COWL character, and to cancel the trademark registration for THE COWL for the reasons set forth below.

COMPLAINT

## PLAINTIFF AND ITS BUSINESS

6.     Plaintiff is engaged in the business of creating, developing, producing and distributing original works of fiction including, specifically, comic books.  The comic books produced by Plaintiff will be distributed in the United States and within the jurisdiction of this Court.  One such comic that Plaintiff imminently intends to distribute is SIDEKICK, which includes a character named RED COWL.  True and correct copies of advance pages of the comic are attached hereto as **Exhibit 1**.  The text for this literary work is the subject of Plaintiff's copyright application identified by Case No. 1-952387611.

7.     The creative force behind Plaintiff's works is J. Michael Straczynski.  Mr. Straczynski is a well-respected writer and producer.  He works in film, television, novels, short stories, plays and comic books, among other media. Mr. Straczynski's credits include being the author of The Complete Book of Scriptwriting, and being the creator, showrunner and principal writer for the science fiction television series Babylon 5.  From 2001 to 2007, Mr. Straczynski was a writer for the long-running Marvel Comics series The Amazing Spider-Man.  Mr. Straczynski resides within the jurisdiction of this Court.

## DEFENDANT AND HIS BUSINESS

8.     Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto Defendant is an individual residing in the county of Los Angeles, California.

9.     Defendant claims to be the owner of THE COWL trademark (Reg. No. 4,043,676) (hereinafter, "THE COWL Registration"), which is listed as a "live" mark with the United States Patent and Trademark Office ("USPTO") for use in connection with comic magazines.  A true and correct copy of a printout from the USPTO website evidencing this registration is attached hereto as **Exhibit 2**.

\\\

\\\

COMPLAINT

## THE CONTROVERSY BETWEEN PLAINTIFF AND DEFENDANT

10.    On or about May 24, 2013, Plaintiff first learned of Defendant through the receipt of a cease-and-desist letter, which Plaintiff received from Defendant's counsel. In that letter, Defendant confirmed that he was aware of Plaintiff's intent to distribute a comic book entitled SIDEKICK in which a character named "Cowl" would appear, and demanded, among other things, that Plaintiff change the name of its character. In that letter, Defendant provided copies of pages of the comic "Miserable Dastards" featuring panels in which his The Cowl character appeared. A true and correct copy of Defendant's counsel's May 24 letter is attached hereto as **Exhibit 3**.

11.    Seeing no similarities between the characters, but wishing for an amicable resolution given the imminent release of Plaintiff's comic, and for other creative reasons, Plaintiff changed the name of its character to RED COWL. Plaintiff's counsel promptly confirmed this change to Defendant's counsel. A true and correct copy of the June 4 letter from Plaintiff's counsel to Defendant's counsel is attached hereto as **Exhibit 4**.

12.    Notwithstanding the name change, and the obvious dissimilarities of the works at issue, Defendant persisted in threatening Plaintiff, contending, among other things, that Plaintiff would be the "poster child" for an enhanced damages award if Plaintiff proceeded with its distribution of its SIDEKICK comic featuring its original RED COWL character. A true and correct copy of Defendant's Counsel's June 14 letter is attached hereto as **Exhibit 5**.

13.    Given Defendant's contentions of irreparable harm, threats of damages, and the imminent release of Plaintiff's SIDEKICK comic, Plaintiff has been forced to file this action in order to preserve and protect its creative rights.

\\\

\\\

\\\

\\\

COMPLAINT

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-infringement of**

**Trademark, 15 U.S.C. section 1051 et seq.)**

14.    Plaintiff incorporates all prior allegations as if set forth fully herein.

15.    Defendant sent two cease-and-desist letters to Plaintiff, on May 24 and June 14, 2013, respectively.  In these letters, Defendant cast allegations of trademark infringement against Plaintiff and demanded that Plaintiff ***immediately*** cease using the term "cowl" in connection with Plaintiff's creation and intended imminent distribution of its SIDEKICK comic.  Based upon these allegations, Defendant threatened to disrupt Plaintiff's ongoing business relationship with its distributor, Image Comics, insisting that Plaintiff "immediately cease and desist from any sales or offering for sales" of Plaintiff's SIDEKICK comic.  See **Exhibit 5**.

16.    As a result of Defendant's May 24 and June 14, 2013, letters, an actual, present and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff's right to use the term "cowl" in connection with its ongoing and prospective business activities.

17.    Plaintiff seeks a declaratory judgment from this Court that Plaintiff's use of the term "cowl" in connection with its business activities does not constitute trademark infringement, unfair competition, or rise to any actionable violation of Defendant's alleged rights in and to its alleged THE COWL mark.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-infringement of**

**Copyright, 17 U.S.C. §§ 101 et seq.)**

18.    Plaintiff incorporates all prior allegations as if set forth fully herein.

19.    Defendant sent two cease-and-desist letters to Plaintiff, on May 24 and June 14, 2012, respectively.  In these letters, Defendant cast allegations of copyright infringement against Plaintiff alleging rights in and to copyright registration no. VA1-744-819 (the "Miserable Dastards Copyright"), and contending that Plaintiff's

SIDEKICK comic and characters violated said copyright. See, e.g., **Exhibit 3**. Based upon these allegations, Defendant threatened to disrupt Plaintiff's ongoing business relationship with its distributor, Image Comics, insisting that Plaintiff "immediately cease and desist from any sales or offering for sales" of Plaintiff's SIDEKICK comic. See **Exhibit 5**.

20.    As a result of Defendant's May 24 and June 14, 2013, letters, an actual, present and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff's right to distribute its original creative work, SIDEKICK, which is the subject of its pending copyright application identified by Case No. 1-952387611.

21.    Plaintiff seeks a declaratory judgment from this Court that Plaintiff's original creative work, SIDEKICK, and the elements thereof does not constitute copyright infringement of Defendant's Miserable Dastards Copyright and the elements thereof, or rise to any actionable violation of Defendant's alleged rights.

## THIRD CLAIM FOR RELIEF

### (Cancellation of Defendant's Trademark Registration)

### [Improper Registration]

22.    Plaintiff incorporates all prior allegations as if set forth fully herein.

23.    In Defendant's May 24 and June 14 letters, Defendant alleged it is the owner of THE COWL Registration for use in connection with comic magazines.

24.    According to USPTO records, Defendant's THE COWL Registration resulted from Defendant's use-based trademark application, which was filed on June 26, 2009. See, **Exhibit 2**.

25.    According to USPTO records, Defendant stated in its application for THE COWL that its date of first use of the mark anywhere was July 25, 2007, and its date of first use in interstate commerce was August 9, 2007. See **Exhs. 2 and 6**.

26.    According to USPTO records, Defendant identified its date of first use of its specimen for THE COWL as June 29, 2011. See, **Exhibit 6**.

- 7 -

27.     In a use-based trademark application before the USPTO, the specimen of use must be in use in commerce "at least as early as the filing date of the application." 37 C.F.R. §2.59(a); Trademark Manual of Examining Procedure ("TMEP") §904.05.

28.     In the Office Action issued against Defendant's mark mailed on July 8, 2010, the Examining Attorney noted this fact, and made her refusal to register Defendant's THE COWL mark final based on Defendant's "failure to provide evidence of the applied-for mark in use in commerce as a trademark." **Exhibit 6**.

29.     Notwithstanding the Examining Attorney's admonition in her July 8, 2010, Office Action, Defendant filed its substitute specimen of use for THE COWL on June 30, 2011, declaring under penalty of perjury "that the substitute specimen was in use in commerce and in interstate commerce as of June 29, 2011." Id.

30.     Under the circumstances, and based only on the date of first use of the specimen as declared by Defendant, which is over 2 years after the filing date of the subject application, Defendant's THE COWL Registration was issued improperly, in violation of 37 C.F.R. §2.59(a) and TMEP §904.05, and should be cancelled.

## FOURTH CLAIM FOR RELIEF

### (Cancellation of Defendant's Trademark Registration)

### [Non-Use / Title of a Single Work]

31.     Plaintiff incorporates all prior allegations as if set forth fully herein.

32.     According to USPTO records, Defendant's THE COWL Registration resulted from Defendant's use-based trademark application, which was filed on June 26, 2009.

33.     According to USPTO records, Defendant identified its date of first use of its specimen for THE COWL as a trademark for comic magazines as June 29, 2011.

34.     In the Office Action issued against Defendant's mark mailed on December 30, 2010, the Examining Attorney refused registration of Defendant's mark stating: "Registration is refused because the applied-for mark, as used on the specimen of record [copies of pages from Defendant's "Miserable Dastards" comic], identifies

only the name of a particular character in a creative work; it does not function as a trademark to identify and distinguish applicant's goods from those of others and to indicate the source of applicant's goods." See, **Exhibit 6**.

35.    Following the Examining Attorney's admonition in her December 30, 2010, Office Action, Defendant filed its substitute specimen of use for THE COWL mark on June 30, 2011, consisting, apparently, of a mock-up of a cover of a comic book, not an actual comic book. See id.

36.    Under trademark law: "The title, or a portion of a title, of a single creative work must be refused registration under §§1, 2, and 45 of the Trademark Act, unless the title has been used on a series of creative works.  The title of a single creative work is not registrable on either the Principal or Supplemental Register." TMEP § 1202.08.

37.    Plaintiff states, upon information and belief, and thereupon alleges, that Defendant's THE COWL comic was never produced or distributed, and thus fails to satisfy the use in commerce requirement necessary to support its registration.

38.    Plaintiff states, upon information and belief, and thereupon alleges, that even assuming, *arguendo*, that Defendant produced and distributed a single issue of THE COWL comic (which he did not), that the mark should have been refused registration in connection with comic magazines under §§1, 2, and 45 of the Trademark Act because it never has been used to identify the title of a series of creative works.

39.    Based on the foregoing, Defendant's THE COWL Registration was issued improperly and should be cancelled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

40.    Enter judgment according to the declaratory relief sought;

41.    Enter judgment ordering the cancellation of Defendant's THE COWL Registration;

- 9 -

COMPLAINT

42.   Award Plaintiff its costs and fees in this action;

43.   Retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

44.   Award to Plaintiff such other and further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines is just and proper.

Dated:  June 21, 2013                    STUBBS ALDERTON & MARKILES LLP


By: _____
        Konrad K. Gatien
    Attorneys for Plaintiff
    STUDIO JMS

COMPLAINT

<u>**Studio JMS v. Richard A. Hamilton**</u>
**U.S. District Court, Central District of California**
**Case No. CV 13-04538 SVW (Ex)**


# EXHIBIT 1


# <u>COMPLAINT</u>


# EXHIBIT 1



EXHIBIT 1
PAGE 11



EXHIBIT 1
PAGE 12



EXHIBIT 1
PAGE 13

JCSK001_COVA_wguls.indd   4                                                        4/4/13   4:25 PM



EXHIBIT 1
PAGE 14



EXHIBIT 1
PAGE 15



EXHIBIT 1
PAGE 16



EXHIBIT 1
PAGE 17






EXHIBIT 1
PAGE 18



EXHIBIT 1
PAGE 19



EXHIBIT 1
PAGE 20



EXHIBIT 1
PAGE 21



EXHIBIT 1
PAGE 22



EXHIBIT 1
PAGE 23



EXHIBIT 1
PAGE 24



EXHIBIT 1
PAGE 25



EXHIBIT 1
PAGE 26



EXHIBIT 1
PAGE 27



EXHIBIT 1
PAGE 28



EXHIBIT 1
PAGE 29



EXHIBIT 1
PAGE 30



EXHIBIT 1
PAGE 31



EXHIBIT 1
PAGE 32



EXHIBIT 1
PAGE 33

<u>Studio JMS v. Richard A. Hamilton</u>
**U.S. District Court, Central District of California**
**Case No. CV 13-04538 SVW (Ex)**


# EXHIBIT 2


# <u>COMPLAINT</u>


# EXHIBIT 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 18 03:10:26 EDT 2013*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

| Logout | Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TSDR | Assign Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# THE COWL

| | |
|---|---|
| **Word Mark** | **THE COWL** |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: Comic Magazines. FIRST USE: 20070725. FIRST USE IN COMMERCE: 20070809 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77769196 |
| **Filing Date** | June 26, 2009 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 9, 2011 |
| **Registration Number** | 4043676 |
| **Registration Date** | October 25, 2011 |
| **Owner** | (REGISTRANT) Hamilton, Richard A INDIVIDUAL UNITED STATES 2814 St. George Street Los Angeles CALIFORNIA 90027 |
| **Attorney of Record** | Ira Cohen, Esq. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT 2
PAGE 34

<u>Studio JMS v. Richard A. Hamilton</u>
**U.S. District Court, Central District of California**
**Case No. CV 13-04538 SVW (Ex)**


# EXHIBIT 3


# <u>COMPLAINT</u>


# EXHIBIT 3



# HENKEL & COHEN P.A.

Tim Henkel, Esq.
Ira Cohen, Esq.

Robert W. Stewart, P.A.
Callison Law Firm, P.A.
*Of Counsel*

May 24, 2013

*Via U.S. Mail, First Class &*
*Certified Mail Return Receipt Requested*

J. Michael Straczynski                          **URGENT & IMPORTANT**
JMS Comics/Studio JMS
16255 Ventura Boulevard
Suite 625
Encino, CA 91436

Eric Stephenson
Publisher
Image Comics, Inc.                              RECEIVED
2001 Center Street, Sixth Floor                 MAY 3 1 2013
Berkely, CA 94704

    Re:   **CEASE & DESIST NOTICE:**
       **THE COWL®, Richard A. Hamilton, Proprietor**
       **U.S. Trademark and U.S. Copyright Infringement Issues**

Gentlemen:

    In connection with the above-referenced matter, be advised that we serve as Intellectual Property Law Counsel for Mr. Richard A. Hamilton, of Los Angeles, California. We are writing to you today with respect to Mr. Hamilton's legal claims arising from the unlawful and unauthorized use of certain of his intellectual property assets relating to his original and legally protected comic book character name, THE COWL®, and the appurtenant image.

    In that vein, it recently has come to my client's attention that Image Comics, Inc. will be publishing, in August, 2013, a comic book from JMS Comics/Studio JMS entitled "The Side

18001 Old Cutler Road, Suite 600 **Miami, Florida 33157** PHONE (305) 971-9474 FAX (305) 971-9479
www.miamibusinesslitigators.com www.producebusinesslaw.com

EXHIBIT 3
PAGE 35

J. Michael Straczynski
Eric Stephenson
May 24, 2013
Page 2

Kick." (A copy of an excerpt from the offending work, believed to be slated for publication in August, is attached hereto, made a part hereof, and marked as Exhibit A). Based on our preliminary investigation, we believe the offending work is not yet available on the market to the general consuming public.

Mr. Hamilton is the proprietor of United States Trademark Registration No. 4,043,676, THE COWL®, registered on October 25, 2011, in International Class 16, for comic magazines. (A true and correct copy of the '676 Registration is annexed hereto and made a part hereof and marked as Exhibit B). Furthermore, Mr. Hamilton's THE COWL® comic book character has been embodied in a number of comic works, entitled "MISERABLE DASTARDS" which works are copyrighted in the United States Copyright Office. (A true and correct copy of one illustrative copyright, Registration No. VA1-744-819, registered August 17, 2009, is annexed hereto, made a part hereof, and marked as Exhibit C). (A true and correct copy of excerpts from my client's copyrighted work is attached hereto and made a part hereof and marked as Exhibit D).

Mr. Hamilton has neither consented to, nor authorized anyone to utilize or commercially exploit his THE COWL® trademark or copyright rights as hereinabove cited. Furthermore, as you may know, Mr. Hamilton's federal trademark registration provides him with the legal presumption of ownership of the trademark, THE COWL®, and the exclusive right to use that trademark nationwide on or in connection with the goods/services listed in the registration. Similarly, it provides Mr. Hamilton with the right to prevent others from using trademarks that are identical or confusingly similar to his trademark. As for his copyright(s), Mr. Hamilton has the exclusive right to make, sell copies, create derivative works, and the right to display his THE COWL® works publicly.

Your contemplated use of THE COWL® in connection with your particular goods and/or services (i.e., comic books) is confusingly similar, if not identical, to Mr. Hamilton's registered trademark and, therefore, any use in connection with your goods and services strictly is prohibited by the Lanham Act, Title 15 U.S. Code Sections 1051 *et seq.* Additionally, it constitutes copyright infringement, in violation of Title 17, U.S. Code. Should your acts or trademark and copyright infringement continue, our client will be substantially and irreparably damaged.

Please be further advised that your use of THE COWL® may cause substantial and irreparable harm to Mr. Hamilton's trademark and his goodwill, not to mention to his copyright(s). **CONSEQUENTLY, WE HEREBY DEMAND THAT YOU CEASE AND DESIST ANY FURTHER USE, OR CONTEMPLATED USE, OF THE MARK, THE COWL®, OR THE IMAGE OF THE AFORESAID COMIC BOOK CHARACTER, THE**

EXHIBIT 3
PAGE 36

J. Michael Straczynski
Eric Stephenson
May 24, 2013
Page 3


**COWL®, OR ANY SIMILAR CHARACTER, OR COLORABLE IMITATION THEREOF, IN CONNECTION WITH YOUR COMIC BOOK GOODS AND SERVICES.**

Parenthetically, we should note that you are at a fortuitous crossroads, inasmuch as, if our preliminary report is accurate, the offending work has not yet been disseminated into the marketplace. Thus, you are in a prime position to avert more significant legal problems, avoid further damage to our client, and to mitigate the harms inflicted, to date. Conversely, now that you have been placed on notice, any further or future acts of infringement shall be deemed to be conscious, deliberate, intentional, knowing, and willful in nature.

While the purpose of this letter is to open a dialogue between us, please be advised that our client is prepared to take such actions as may be necessary and/or desirable to protect his registered mark and his copyright(s). Therefore, we request that you acknowledge, **in writing, and no later than June 4, 2013,** that you have received this demand and, moreover, that you agree to cease and desist from utilizing THE COWL® (both the mark and the image thereof), in connection with your comic book goods and services.

Finally, this letter does not constitute a complete or exhaustive statement of all of our client's rights, claims, contentions, and legal positions. Thus, nothing stated herein is intended as, nor should it be deemed or construed to constitute, a waiver or relinquishment of any of our client's rights or remedies, whether legal or equitable, all of which hereby expressly are reserved.

Your plenary cooperation hereon will be expected. We await your response.

GOVERN YOURSELVES ACCORDINGLY.

Very truly yours,

HENKEL & COHEN, P.A.

By: _____
        IRA COHEN, ESQ.

Attachments (Exhibits A - D)
cc:   Richard A. Hamilton (via e-mail with attach.)


EXHIBIT 3
PAGE 37

# Exhibit A

EXHIBIT 3
PAGE 38



2

EXHIBIT 3
PAGE 39

# Exhibit B

EXHIBIT 3
PAGE 40

# United States of America
## United States Patent and Trademark Office

# THE COWL

**Reg. No. 4,043,676**

**Registered Oct. 25, 2011**

**Int. Cl.: 16**

**TRADEMARK**

**PRINCIPAL REGISTER**

HAMILTON, RICHARD A (UNITED STATES INDIVIDUAL)
2814 ST. GEORGE STREET
LOS ANGELES, CA 90027

FOR: COMIC MAGAZINES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 7-25-2007; IN COMMERCE 8-9-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-769,196, FILED 6-26-2009.

CHRISTINA SOBRAL, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

EXHIBIT 3
PAGE 41

# Exhibit C

EXHIBIT 3
PAGE 42

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-744-819**

**Effective date of
registration:**

August 17, 2009

## Title

**Title of Work:** MISERABLE DASTARDS

## Completion/Publication

**Year of Completion:** 2009

**Date of 1st Publication:** July 1, 2009    **Nation of 1st Publication:** United States

## Author

**Author:** Richard A Hamilton

**Author Created:** text/poetry

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1978

**Author:** Richard A Hamilton

**Author Created:** 2-Dimensional artwork

**Work made for hire:** Yes

**Citizen of:** United States

**Year Born:** 1978

## Copyright claimant

**Copyright Claimant:** Richard A Hamilton

2814 St. George Street, LOS ANGELES, CA, 90027, United States

## Rights and Permissions

**Name:** Richard A Hamilton

**Address:** 2814 St. George Street

LOS ANGELES, CA 90027 United States

## Certification

EXHIBIT 3
PAGE 43

Registration #:   VA0001744819

Service Request #:   1-241607001



SILVER, GARVETT & HENKEL, P.A.
IRA COHEN
18001 Old Cutler Road
Suite 600
MIAMI, FL 33157  United States

EXHIBIT 3
PAGE 44

# Exhibit D

EXHIBIT 3
PAGE 45



EXHIBIT 3
PAGE 46



EXHIBIT 3
PAGE 47

<u>Studio JMS v. Richard A. Hamilton</u>
**U.S. District Court, Central District of California**
**Case No. CV 13-04538 SVW (Ex)**


# EXHIBIT 4


# <u>COMPLAINT</u>


# EXHIBIT 4



**Stubbs Alderton & Markiles, LLP**
corporate · securities · m&a · ip

Konrad Gatien
Partner
Voice        310.746.9800
Fax          310.746.9820
E-Mail       kgatien@stubbsalderton.com

June 4, 2013

**VIA FACSIMILE (305) 971-9479;**
**AND FIRST CLASS MAIL**

Ira Cohen, Esq.
Henkel & Cohen, P.A.
18001 Old Cutler Rd., Suite 600
Miami, Florida  33157

   Re:  *Response to Claims re: The Cowl*

Dear Mr. Cohen:

   We are intellectual property counsel to Studio JMS.  The above-referenced matter has been referred to our attention following our client's receipt of your May 24, 2013, letter. Please direct any future correspondence regarding this matter to my attention.

   In your May 24 letter you contend on behalf of your client, Richard A. Hamilton, that our client's proposed use of the character name The Cowl in its comic book, The Side Kick, constitutes, among other things, trademark infringement and unfair competition.

   While we disagree with the position taken in your letter, and without prejudice to our client's position that the proposed use would not be an infringement of any rights your client may possess, in the interest of promptly and amicably resolving your client's concerns, our client has agreed to change the name of the character to Red Cowl.

   We trust that this change will alleviate your client's concerns and puts this matter to rest.  Please confirm your agreement by reply at your earliest convenience and we will consider this matter to be closed.

   This letter is without prejudice to any of our client's rights, claims, remedies and/or defenses, all of which are expressly reserved.

     Sincerely,

     Konrad Gatien, of
     STUBBS ALDERTON & MARKILES, LLP

15260 Ventura Boulevard, 20th Floor ■ Sherman Oaks, California 91403  1453 3rd Street Promenade, Suite 310 ■ Santa Monica, California 90401
office > 818.444.4500 ■ fax > 818.444.4520     office > 310.746.9800 ■ fax > 310.395.5292
**www.stubbsalderton.com**

EXHIBIT 4
PAGE 48

<u>**Studio JMS v. Richard A. Hamilton**</u>
**U.S. District Court, Central District of California**
**Case No. CV 13-04538 SVW (Ex)**


# EXHIBIT 5


# <u>COMPLAINT</u>


# EXHIBIT 5



## HENKEL & COHEN P.A.

Tim Henkel, Esq.
Ira Cohen, Esq.

June 14, 2013

Robert W. Stewart, P.A.
Callison Law Firm, P.A.
*Of Counsel*

*Via E-mail (only)*
(kgatien@stubbsalderton.com)

Konrad Gatien, Esq.                          **URGENT & IMPORTANT**
Stubbs Alderton & Markiles, LLP
15260 Ventura Blvd., 20th Flood
Sherman Oaks, CA 91403

Re:   SUPPLEMENTAL CEASE & DESIST NOTICE AGAINST
      KNOWING AND INTENTIONAL COPYING:
      THE COWL®, Richard A. Hamilton, Proprietor
      U.S. Trademark and U.S. Copyright Infringement Issues

Dear Mr. Gatien:

In connection with the above-referenced matter, reference is made to your letter bearing date of June 4, 2013 (which ought to be read *in pari materia* with the letter from the co-putative defendant's counsel of even date therewith).   Please be advised that nothing we have read, in either letter, persuades us that our client's position is not sound, or his demands not justified, or that either of your respective clients have the right, legally (morally, or ethically) to pirate and commercially exploit our client's intellectual property.

To recapitulate, albeit counsel for Image Comics, Inc., concedes nothing, and eschews all liability, counsel for Studio JMS reluctantly has offered to change the character name to the "Red Cowl".   (Conspicuously absent from that letter is any discussion of the drawings or graphic depictions involved.)   This is patently unsatisfactory.   I ask you, gentlemen: do you honestly and seriously contend that, for example, "RED BATMAN," or "RED HORNET," or "RED LANTERN," as comic book characters, would be countenanced or suffered for a minute?   We think not.

It has come to our attention that JMS already has begun to call its character "Red Cowl."   Your client erroneously seems to assume our client has approved the name change; he did not and has not.   Moreover, in a recent interview, JMS went as far as to imply the character always was named "Red Cowl," and that the name was plot/character driven, rather than a knee-jerk reaction to our initial cease and desist letter herein.

18001 Old Cutler Road, Suite 600   Miami, Florida 33157   PHONE (305) 971-9474   FAX (305) 971-9479
www.miamibusinesslitigators.com   www.producebusinesslaw.com

EXHIBIT 5
PAGE 49

Konrad Gatien, Esq.
Stubbs Alderton & Markiles, LLP
June 14, 2013
Page 2

Your respective clients have unlawfully appropriated and copied our client's trademarked name and his copyrighted images of a comic book duo.   In short, virtually the entire Hamiltonian "THE COWL" comic book character package has been knocked off, such that the copying not only is arrogant, but is as transparent as a plastic comic book-sleeve.

Your respective clients ought to show greater respect for the intellectual property rights of others.   The old adage to the effect that "emulation is the sincerest form of flattery" has no currency here.   Further, do not think, for a moment, that your clients can run roughshod over Mr. Hamilton merely because your clients are rather well-heeled.   Mr. Hamilton is prepared, if necessary, to protect his brain-children, and fight for his intellectual property rights.   Your clients will either cease and desist or, in the alternative, they will seek a license from Mr. Hamilton and pay him due royalties.

Just because we are in the realm of comics does not mean that your clients can treat this as a joke.   Personal integrity and reputation in the industry are paramount concerns to Mr. Hamilton.   Do your clients not share the same concerns?

Accordingly, on behalf of our above-named client, we hereby admonish you and your respective clients that we shall be compelled to institute litigation against any and all parties and individuals who have been actively involved in, and continue, these unlawful activities, seeking preliminary and permanent injunctive relief, treble damages, statutory damages and attorneys' fees respecting the trademark issues.   We further demand that your client cease all advertising, promotion, offerings for sale and shipment of the infringing goods; cessation of all use of the name, designation, or mark, THE COWL; recall of all goods (including samples) from all parties to whom goods already have been delivered; delete all uses of the name, designation, or mark, THE COWL, and all variations or colorable imitations thereof, and all depictions of that comic book character and, moreover, sign a Certificate of Compliance attesting to same.

Shifting over to the copyright infringement issues, we likewise demand that your respective clients immediately cease and desist from any sales or offering for sale of the infringing products.   In order to mitigate further damages to our client, the following actions on your respective clients' part are required: immediate discontinuance of the sale of the infringing products; turning over, to our office, as representative for our client, all infringing products in your care, control, custody or possession; an accounting of all sales made, to date, of the infringing product; an

EXHIBIT 5
PAGE 50

Konrad Gatien, Esq.
Stubbs Alderton & Markiles, LLP
June 14, 2013
Page 3

award of damages for lost sales and profits or, in the alternative, statutory damages in an amount between $500 and $20,000; and an award of attorneys' fees.

As you are aware, the courts are more likely to award enhanced damages and attorneys' fees in cases where the conduct is deliberate, intentional, and knowing. Your clients are the "poster children" for such a case. You and your clients have been placed on notice, twice now. You have been duly admonished. In the event that your clients nevertheless proceed, they do so *sub suo periculo*.

Unless we receive your favorable reply by close of business (Miami time), on Friday, June 21, 2013, we shall presume that you do not intend voluntarily to take the necessary steps and measures as outlined above. In that instance, we shall have no alternative but to recommend that our client commence legal action against you, in which he will seek all available legal remedies under U.S. Trademark Law, and under the Copyright Act, or as otherwise applicable including, but not limited to, injunctive relief against sale of any infringing products, together with substantial monetary damages for each act of infringement. We await your timely response.

This letter does not constitute a complete or exhaustive statement of all of our client's rights, claims, contentions, and legal positions. Thus, nothing stated herein is intended as, nor should it be deemed or construed to constitute, a waiver or relinquishment of any of our client's rights or remedies, whether legal or equitable, all of which hereby expressly are reserved.

Very truly yours,

HENKEL & COHEN, P.A.

By: _____
        IRA COHEN, ESQ.
cc:     Client (via e-mail)

Signed for Ira Cohen in his absence
to prevent delay in mailing.

EXHIBIT 5
PAGE 51

<u>Studio JMS v. Richard A. Hamilton</u>
**U.S. District Court, Central District of California**
**Case No. CV 13-04538 SVW (Ex)**


# EXHIBIT 6


# <u>COMPLAINT</u>


# EXHIBIT 6

# United States of America
## United States Patent and Trademark Office

# THE COWL

**Reg. No. 4,043,676**

**Registered Oct. 25, 2011**

HAMILTON, RICHARD A (UNITED STATES INDIVIDUAL)
2814 ST. GEORGE STREET
LOS ANGELES, CA 90027

**Int. Cl.: 16**

FOR: COMIC MAGAZINES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 7-25-2007; IN COMMERCE 8-9-2007.

**TRADEMARK**

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-769,196, FILED 6-26-2009.

CHRISTINA SOBRAL, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

EXHIBIT 6
PAGE 52

# UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO. 77/769196

MARK: THE COWL

CORRESPONDENCE ADDRESS:

    IRA COHEN, ESQ.
    HENKEL & COHEN, P.A.
    18001 OLD CUTLER ROAD, STE 600
    MIAMI, FL 33157-6444

APPLICANT: HAMILTON, RICHARD A.

ATT DOCKET: 2009-RAH-TM-001

## SUBSTITUTE SPECIMEN III, DECLARATION

The undersigned being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or document or any registration resulting therefrom, declares that the substitute specimen was in use in commerce and in interstate commerce as of June 29, 2011; all statements made of his own knowledge are true; and all statements made on information and belief are believed to be true.

        /Richard A. Hamilton/
        (Signature)

        RICHARD A. HAMILTON
        Applicant

        June 29, 2011

EXHIBIT 6
PAGE 53



EXHIBIT 6
PAGE 54

| **To:** | Hamilton, Richard A (ic@sghpa.com) |
|---|---|
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 77769196 - THE COWL - 2009-RAH-TM- |
| **Sent:** | 7/8/2010 11:42:28 AM |
| **Sent As:** | ECOM109@USPTO.GOV |
| **Attachments:** | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**APPLICATION SERIAL NO.**     77769196

**MARK**: THE COWL

**CORRESPONDENT ADDRESS**:
   IRA COHEN, ESQ.
   SILVER, GARVETT & HENKEL, P.A.
   18001 OLD CUTLER RD STE 600
   MIAMI, FL 33157-6444

**APPLICANT**:     Hamilton, Richard A

**CORRESPONDENT'S REFERENCE/DOCKET NO**:
   2009-RAH-TM-
**CORRESPONDENT E-MAIL ADDRESS**:
   ic@sghpa.com

# *77769196*

**CLICK HERE TO RESPOND TO THIS LETTER:**
**http://www.uspto.gov/teas/eTEASpageD.htm**

## OFFICE ACTION

### STRICT DEADLINE TO RESPOND TO THIS LETTER
TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 7/8/2010**

**THIS IS A FINAL ACTION.**

This Office action is in response to applicant's communication filed on June 8, 2010.

In the first action, the examining attorney refused the specimen and required the applicant to submit an acceptable specimen. The applicant did not respond within the required time and the examining attorney abandoned the application. On June 8, 2010, the applicant revived its application and responded to the

EXHIBIT 6
PAGE 55

action.  In its response, the applicant submitted new specimens.

## FINAL REFUSAL - SPECIMEN REFUSAL – MARK DOES NOT APPEAR ON THE SPECIMENS

The refusal of registration based on the failure to provide evidence of the applied-for mark in use in commerce as a trademark is now made **FINAL**.  Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a), 2.64(a); TMEP §§904, 904.07(a).

The specimen is not acceptable because the applied-for mark does not appear anywhere on the specimen. An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each class of goods.  Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

Therefore, applicant must submit the following:

   (1)  A substitute specimen showing the mark in use in commerce for each class of goods specified in the application; and

   (2)  The following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20:  "**The substitute specimen was in use in commerce at least as early as the filing date of the application.**"  37 C.F.R. §2.59(a); TMEP §904.05; *see* 37 C.F.R. §2.193(e)(1).  If submitting a substitute specimen requires an amendment to the dates of use, applicant must also verify the amended dates.  37 C.F.R. §2.71(c); TMEP §904.05.

Examples of specimens for goods are tags, labels, instruction manuals, containers, photographs that show the mark on the actual goods or packaging, or displays associated with the actual goods at their point of sale. *See* TMEP §§904.03 *et seq.*

If applicant cannot satisfy the above requirements, applicant may amend the application from a use in commerce basis under Section 1(a) to an intent to use basis under Section 1(b), for which no specimen is required.  *See* TMEP §806.03(c).  However, if applicant amends the basis to Section 1(b), registration will not be granted until applicant later amends the application back to use in commerce by filing an acceptable allegation of use with a proper specimen.  *See* 15 U.S.C. §1051(c), (d); 37 C.F.R. §§2.76, 2.88; TMEP §1103.

To amend to Section 1(b), applicant must submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20:  "**Applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods listed in the application as of the filing date of the application.**"  37 C.F.R. §2.34(a)(2); TMEP §806.01(b); *see* 15 U.S.C. §1051(b); 37 C.F.R. §§2.35(b)(1), 2.193(e)(1).

Pending receipt of a proper response, registration is refused because the specimen does not show the applied-for mark in use in commerce as a trademark.  Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

## Substitute Specimen Declaration

EXHIBIT 6
PAGE 56

The following is a sample declaration for a verified substitute specimen for use in a paper response:

> The undersigned being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of the application or document or any registration resulting therefrom, declares that *the substitute specimen was in use in commerce at least as early as the filing date of the application*; all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true.

_____
(Signature)

_____
(Print or Type Name and Position)

_____
(Date)


**Proper Response to Final Action**

If applicant does not respond within six months of the date of issuance of this final Office action, the application will be abandoned.  15 U.S.C. §1062(b); 37 C.F.R. §2.65(a).  Applicant may respond to this final Office action by:

(1)  Submitting a response that fully satisfies all outstanding requirements, if feasible; and/or

(2)  Filing an appeal to the Trademark Trial and Appeal Board, with an appeal fee of $100 per class.

37 C.F.R. §§2.6(a)(18), 2.64(a); TBMP ch. 1200; TMEP §714.04.

In certain rare circumstances, a petition to the Director may be filed pursuant to 37 C.F.R. §2.63(b)(2) to review a final Office action that is limited to procedural issues.  37 C.F.R. §2.64(a); TMEP §714.04; *see* 37 C.F.R. §2.146(b); TBMP §1201.05; TMEP §1704 (explaining petitionable matters).  The petition fee is $100.  37 C.F.R. §2.6(a)(15).

If applicant has questions about its application or this Office action, please contact the assigned trademark examining attorney at the telephone number below.

/csobral/
Christina M. Sobral
Trademark Attorney
Law Office 109
571.272.5703


**TO RESPOND TO THIS LETTER:**  Use the Trademark Electronic Application System (TEAS)

EXHIBIT 6
PAGE 57

response form at http://teasroa.uspto.gov/roa/.  Please wait 48-72 hours from the issue/mailing date before using TEAS, to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/.  Please keep a copy of the complete TARR screen.  If TARR shows no change for more than six months, call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.

EXHIBIT 6
PAGE 58

| **To:** | Hamilton, Richard A (ic@sghpa.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 77769196 - THE COWL - 2009-RAH-TM- |
| **Sent:** | 7/8/2010 11:42:31 AM |
| **Sent As:** | ECOM109@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE REGARDING YOUR TRADEMARK APPLICATION

**Your trademark application (Serial No. 77769196) has been reviewed. The examining attorney assigned by the United States Patent and Trademark Office ("USPTO") has written a letter (an "Office action") on** 7/8/2010 **to which you must respond** (*unless the Office letter specifically states that no response is required*)**. Please follow these steps:**

**1.** **Read** the Office letter by clicking on this **link** http://tmportal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77769196&doc_type=OOA& **OR** go to **http://tmportal.uspto.gov/external/portal/tow** and enter your serial number to access the Office letter. If you have difficulty accessing the Office letter, contact **TDR@uspto.gov**.

**PLEASE NOTE**: The Office letter may not be immediately available but will be viewable within 24 hours of this e-mail notification.

**2.** **Contact** the examining attorney who reviewed your application if you have any questions about the content of the Office letter (contact information appears at the end thereof).

**3.** **Respond** within 6 months, calculated from 7/8/2010 (*or sooner if specified in the Office letter*), using the Trademark Electronic Application System (TEAS) **Response to Office Action form**. If you have difficulty using TEAS, contact **TEAS@uspto.gov**.

## ALERT:

**Failure to file any required response by the applicable deadline will result in the ABANDONMENT (loss) of your application.**

**Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses.**

EXHIBIT 6
PAGE 59

| | |
|---|---|
| **To:** | Hamilton, Richard A (ic@sghpa.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 77769196 - THE COWL - 2009-RAH-TM- |
| **Sent:** | 12/30/2010 9:34:30 AM |
| **Sent As:** | ECOM109@USPTO.GOV |
| **Attachments:** | |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**
**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**APPLICATION SERIAL NO.** 77769196

**MARK**: THE COWL

# *77769196*

**CORRESPONDENT ADDRESS**:
    IRA COHEN, ESQ.
    SILVER, GARVETT & HENKEL, P.A.
    18001 OLD CUTLER RD STE 600
    MIAMI, FL 33157-6444

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/teas/eTEASpageD.htm

**APPLICANT**:     Hamilton, Richard A

**CORRESPONDENT'S REFERENCE/DOCKET NO**:
    2009-RAH-TM-
**CORRESPONDENT E-MAIL ADDRESS**:
    ic@sghpa.com

# OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 12/30/2010**

This Office action is in response to applicant's communication filed on December 22, 2010.

In the last action, the examining attorney required the applicant to submit an acceptable specimen. In its response, the applicant submitted new specimens.

**Does Not Function as a Trademark – Identifies Name of a Character**

EXHIBIT 6
PAGE 60

Registration is refused because the applied-for mark, as used on the specimen of record, identifies only the name of a particular character in a creative work; it does not function as a trademark to identify and distinguish applicant's goods from those of others and to indicate the source of applicant's goods. Trademark Act Sections 1, 2 and 45, 15 U.S.C. §§1051-1052, 1127; *see In re Caserta*, 46 USPQ2d 1088 (TTAB 1998); TMEP §§904.07(b), 1202.10.

The name of a character is registrable as a trademark only where the record shows that it is used in a manner that would be perceived by consumers as identifying the goods in addition to identifying the character. *In re Caserta*, 46 USPQ2d at 1090; *see* TMEP §1202.10. In this case, the specimen shows the applied-for mark used only as the name of a character and not as a trademark for applicant's goods because references of THE COWL appear on the specimen only to identify the character.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

If applicant has questions about its application or this Office action, please contact the assigned trademark examining attorney at the telephone number below.

/csobral/
Christina M. Sobral
Trademark Attorney
Law Office 109
571.272.5703

**TO RESPOND TO THIS LETTER:** Use the Trademark Electronic Application System (TEAS) response form at http://teasroa.uspto.gov/roa/. Please wait 48-72 hours from the issue/mailing date before using TEAS, to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov.

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/. Please keep a copy of the complete TARR screen. If TARR shows no change for more than six months, call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.

EXHIBIT 6
PAGE 61

| To: | Hamilton, Richard A (ic@sghpa.com) |
| Subject: | U.S. TRADEMARK APPLICATION NO. 77769196 - THE COWL - 2009-RAH-TM- |
| Sent: | 12/30/2010 9:34:31 AM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | |

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

### USPTO OFFICE ACTION HAS ISSUED ON 12/30/2010 FOR
### SERIAL NO. 77769196

Please follow the instructions below to continue the prosecution of your application:

**TO READ OFFICE ACTION:** Click on this **link** or go to **http://portal.uspto.gov/external/portal/tow** and enter the application serial number to **access** the Office action.

**PLEASE NOTE**: The Office action may not be immediately available but will be viewable within 24 hours of this e-mail notification.

**RESPONSE IS REQUIRED:** You should carefully review the Office action to determine (1) how to respond; and (2) the applicable **response time period**. Your response deadline will be calculated from 12/30/2010 (or sooner if specified in the office action).

**Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses.  Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System Response Form.**

**HELP:** For *technical* assistance in accessing the Office action, please e-mail **TDR@uspto.gov**.  Please contact the assigned examining attorney with questions about the Office action.

## WARNING

**Failure to file the required response by the applicable deadline will result in the ABANDONMENT of your application.**

EXHIBIT 6
PAGE 62

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV13- 4538 SVW (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Konrad K. Gatien (Bar No. 221770)
kgatien@stubbsalderton.com
Anthony M. Keats (Bar No. 123672)
akeats@stubbslderton.com
Stephen C. McArthur (Bar No. 277712)
smcarthur@stubbsalderton.com
STUBBS ALDERTON & MARKILES, LLP
1453 3rd Street Promenade, Suite 310
Santa Monica, California 90401
Telephone:     (310) 746-9800
Facsimile:     (310) 746-9820

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDIO JMS, a California corporation,<br><br>PLAINTIFF,<br><br>v.<br><br>RICHARD A. HAMILTON, an individual,<br><br>DEFENDANT. | CASE NUMBER<br><br>CV13- 4538 SVW(Ex)<br><br><br>**SUMMONS** |

**TO:**   THE ABOVE-NAMED DEFENDANT(S):

A lawsuit has been filed against you.

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorneys
Konrad K. Gatien, Anthony M. Keats, and Stephen C. McArthur, whose address is:

**STUBBS ALDERTON & MARKILES LLP**
1453 3rd Street Promenade, Suite 310
Santa Monica, California 90401

an answer to the attached ☒ **complaint** ☐ _____ **amended complaint** ☐ **counterclaim** ☐ **cross-claim,** or a
motion under Rule 12 of the Federal Rules of Civil Procedure, within twenty-one (21) days after service of this
Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be entered
against you for the relief demanded in the complaint.

JUN 2 1 2013

DATE:

Clerk, U. S. District Court
**JULIE PRADO**

By_____
                    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                   SUMMONS

CONFORM WITH FILED/LODGED STAMP
AND RETURN VIA ATTORNEY
SERVICE/HAND DELIVERY

**UNITED STATES DISTRICT COURT, CENTRAL**

**CIVIL COVER SHE**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

STUDIO JMS, a California corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

RICHARD A. HAMILTON, an individual

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Konrad K. Gatien, Anthony M. Keats and Stephen C. McArthur
Stubbs Alderton & Markiles, LLP
1453 3rd Street Promenade, Suite 310
Santa Monica, CA 90401 - Tel.: (310) 746-9800

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☑ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(15 U.S.C. § 1051 et seq.) Declaratory Judgment of Non-infringement of Trademark; (17 U.S.C. §§ 101 et seq.) Declaratory Judgment of Non-infringement of Copyright;
15 U.S.C. § 1064 Cancellation of a Registered Trademark.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☑ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:**    CV13- 4538

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

CV-71 (02/13)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Studio JMS, Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Richard A. Hamilton, Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 6/21/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |